UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

LAWRENCE J. SMITH,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.

_____/

Case No. 2:13-CV-12

HON. GORDON J. QUIST

**OPINION GRANTING DEFENDANT'S MOTION TO DISMISS**

Plaintiff, Lawrence Smith, brought this action in Dickinson County Circuit Court, Michigan, against two employees of the United States Department of Veterans Affairs, alleging a claim for "slander/defamation." Pursuant to 28 U.S.C. § 2679(d)(2), the United States Attorney for the Western District of Michigan certified that the named defendants were acting within the scope of their office or employment at the time of the incident out of which Smith's claim arose. As such, the Court substituted the United States of America as the sole defendant in this case. The United States has filed a Motion to Dismiss. (Docket no. 13.) Smith has not responded. For the reasons set forth below, the Court will grant the motion and dismiss the case with prejudice.

**I. BACKGROUND**

In his Complaint, Smith alleges that United States Department of Veterans Affairs employees Kathy Truax[1] and Brad Nelson defamed him to members of his community and a subcommittee of the United States House of Representatives. Smith alleges that he was organizing a "welcome back event" for members of his community when Truax defamed him by telling

---

[1] Named in the Complaint as both Kathy Truax and Cathy Truax.

community members "not to help out" with the event. The community members included the Pembine Food Depot, the Four Seasons Resort, and Sergeant Hood of the Gladstone Armory. Smith also alleges that Nelson "allegedly" contacted the Iron Mountain Daily News, and "basically made some off color remarks to them" and "told them that the Iron Mt. V.A. was planning their own event." Finally, Smith alleges that Nelson sent a letter to a subcommittee of the House of Representatives "in an attempt to dis-credit [Smith]." Smith titled his Complaint as a "Complaint for: slander/defamation."

## II. STANDARD

Rule 8 of the Federal Rules of Civil Procedure provides that a pleading that states a claim for relief must contain "a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support." Fed. R. Civ. P. 8(a)(1). Motions to dismiss for lack of subject matter jurisdiction fall into two categories: facial and factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). "A *facial* attack is a challenge to the sufficiency of the pleading itself. On such a motion, the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Id.* "A *factual* attack, on the other hand, is not a challenge to the sufficiency of the pleading's allegations, but a challenge to the factual existence of subject matter jurisdiction." *Id.* On factual attack, "no presumptive truthfulness applies to the factual allegations . . . and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.* (citing *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990)). A court may consider affidavits and other evidence outside the pleadings to resolve factual disputes regarding jurisdiction. *See Rogers v. Stratton Indus., Inc.*, 798 F.2d 913, 916 (6th Cir. 1986). The plaintiff

bears the burden of establishing the court's subject matter jurisdiction. *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 324.

### III. DISCUSSION

Reviewing the United States' motion as a factual attack, this Court lacks subject matter jurisdiction. The United States argues that this Court lacks jurisdiction because the United States retains sovereign immunity over defamation claims. "It is elementary that the United States, as sovereign, is immune from suit save as it consents to be sued . . ., and the terms of its consent to be sued in any court define that court's jurisdiction to entertain the suit." *United States v. Mitchell*, 445 U.S. 535, 538, 100 S. Ct. 1349, 1351 (1980) (internal quotation marks, citations, and alterations omitted). "A waiver of sovereign immunity 'cannot be implied, but must be unequivocally expressed.'" *Id.* (quoting *United States v. King*, 395 U.S. 1, 4, 89 S. Ct. 1501, 1503 (1969)). A court must strictly construe any statute expressly waiving sovereign immunity, and not enlarge the waiver beyond what the language requires. *Library of Congress v. Shaw*, 478 U.S. 310, 318, 106 S. Ct. 2957, 2963 (1986), *superceded by statute on other grounds as stated in Landgraf v. USI Film Prods.*, 511 U.S. 244, 114 S. Ct. 1522 (1994).

The United States has waived its sovereign immunity in part under the Federal Tort Claims Act (FTCA), 28 U.S.C. 1346(b). However, the FTCA waiver does not apply to intentional torts, including "[a]ny claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights." 28 U.S.C. 2680(h). Courts have interpreted § 2680(h) broadly, preserving immunity over claims that "sound in negligence but stem from" the enumerated intentional torts. *United States v. Shearer*, 473 U.S. 52, 55, 105 S. Ct. 3039, 3041 (1985).

In this case, Smith alleges a claim for libel[2] and slander, not negligence. There is no support for an argument that Smith's allegations are pled as a negligence claim, but even if they were, the allegations "aris[e] out" of allegations of libel and slander. 28 U.S.C. § 2680(h). As such, the United States retains sovereign immunity, and this Court lacks subject matter jurisdiction. Having determined that this Court lacks jurisdiction, the Court does not reach the United States' alternative grounds for dismissal.

A separate order will issue.


Dated: July 8, 2013                                    /s/ Gordon J. Quist
                                                            GORDON J. QUIST
                                                    UNITED STATES DISTRICT JUDGE

---

[2] Although Smith does not identify his claim as a claim for libel, his allegations state that Nelson sent a letter to a subcommittee of the House of Representatives "in an attempt to dis-credit" Smith. (Complaint, Ex. A, Docket no. 1, Page ID 6.)